```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Ablitt & Caruolo, P.C.

    v.                                Civil No. 05-cv-390-JD

Donald Cunha


O R D E R

    Ablitt & Caruolo, P.C. ("Ablitt") has appealed the decision of the bankruptcy court denying its motion to dismiss an adversary proceeding against it brought by the debtor, Donald Cunha.[1]  See 28 U.S.C. § 158(a).  Recognizing the interlocutory character of this order, Ablitt also filed a motion, in the bankruptcy court, for leave to appeal.[2]  See id. § 158(a)(3); Fed. R. Bankr. P. 8001(b).  Cunha did not file an answer to Ablitt's motion for leave to appeal, but, in his brief on the merits, agrees that this court "has the jurisdiction to hear this interlocutory appeal . . . ."  Appellee's Br. at 1. Nevertheless, this court must satisfy itself that subject matter

---

    [1]Ablitt also appeals the bankruptcy court's denial of its motion to reconsider that decision.

    [2]Although Fed. R. Bankr. P. 8003(b) directs the clerk of the bankruptcy court to transmit such a motion to the district court, that does not appear to have happened in this case.  Thus, the court has obtained copies of the motion and its supporting papers from the bankruptcy court's electronic filing system.

jurisdiction exists.  See, e.g., Perry v. First Citizens Fed. Credit Union (In re Perry), 391 F.3d 282, 284 (1st Cir. 2004).

28 U.S.C. § 158(a)(1) confers the jurisdiction of this court over appeals "from final judgments and decrees" of the bankruptcy court.  "To be final, a bankruptcy court order need not resolve all of the issues in the proceeding, but it must finally dispose of all the issues pertaining to a discrete dispute within the larger proceeding."  In re Perry, 391 F.3d at 285.  The First Circuit has expressly held that a bankruptcy court's denial of a motion to dismiss an adversary proceeding is simply "an interlocutory order within what may be such a discrete dispute" and therefore does not meet the finality test.  Stubbe v. Banco Cent. Corp. (In re Empresas Noroeste, Inc.), 806 F.2d 315, 316-17 (1st Cir. 1986).  The parties are correct, then, that the bankruptcy court's orders denying the motion to dismiss, and for reconsideration of the denial, are interlocutory.

Nevertheless, 28 U.S.C. § 158(a)(3) gives this court jurisdiction over "appeals . . . with leave of court, from interlocutory orders and decrees . . . ."  As this circuit's bankruptcy appellate panel has observed, the statute "provides no express criteria to guide [a court's] discretion, but most courts use the same standards that govern the propriety of district court's certification of interlocutory appeals to circuit courts

under [28 U.S.C.] § 1292(b)."  <u>Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)</u>, 218 B.R. 643, 652 (1st Cir. B.A.P. 1998); <u>accord</u> 10 <u>Collier on Bankruptcy</u> ¶ 8003.03, at 8003-5 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. 1995 & 2005 supp.).  Ablitt invokes these standards in its motion for leave to appeal.

    Section 1292(b) allows a district court to certify a non-final order for interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  Although, as just noted, Ablitt recites this test in the body of its motion for leave to appeal, neither the motion itself nor its accompanying memorandum of law contains any argument whatsoever as to how the bankruptcy court's order meets the standard.[3]  The two cases cited (without discussion) in the motion are wholly inapposite; one of them, in fact, found that the interlocutory appeal at issue did <u>not</u> satisfy the criteria of section 1292(b).  <u>First Am. Bank of N.Y. v. Century Glove, Inc.</u>, 64 B.R. 958, 962-63 (D. Del. 1986).

---

[3]In fact, Ablitt's memorandum of law in support of its motion for leave to file an interlocutory appeal, despite its name, appears to be a verbatim copy of Ablitt's appellate brief.

Moreover, Ablitt's memorandum in support of its motion effectively concedes that the bankruptcy court's order did not involve "a controlling question of law as to which there is substantial ground for difference of opinion" within the meaning of section 1292(b).  Ablitt argues, in fact, that the bankruptcy court erred in denying its motion to dismiss because "[t]he First Circuit has consistently refused to impose any liability on an attorney that would conflict with the basic duty owed to their [sic] own clients to zealously advocate on their [sic] client's behalf," Mem. Supp. Mot. Leave File Interloc. Appeal. at 7 (emphasis added), and calls the privilege assertedly insulating its actions "well-recognized."[4]  Id. at 10.  Section 1292(b), in contrast, is satisfied only "where proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority."  Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (internal quotation marks omitted).  Even under Ablitt's own characterization, then, its appeal is not a suitable candidate for interlocutory review.

---

[4]Cunha sued Ablitt, the law firm representing the holder of a mortgage on his residence, under 11 U.S.C. § 362(h) for willfully violating the automatic stay by postponing the foreclosure sale beyond the confirmation of his reorganization plan.  Ablitt moved to dismiss the suit on the grounds that its actions were privileged.  The bankruptcy court denied the motion.

Finally, this court's ability to identify the controlling questions of law involved in the bankruptcy court's order denying the motion to dismiss is severely hamstrung by Ablitt's failure to designate the transcript of the hearing on the motion as part of the record on appeal.  It is true that the bankruptcy rules, which leave the designation of the appellate record to the appellant, Fed. R. Bankr. P. 8006, do not require the inclusion of a transcript as a matter of course.  10 Collier, supra, ¶ 8006.3[1], at 8006-6--8006-6 & n.3.  In this case, however, the bankruptcy court's order on the motion to dismiss states only that it was "denied for the reasons set forth in the record this date."  Bankr. Ct. Order (Oct. 13, 2005).  Without knowing what those reasons were, this court is largely left to speculate as to the controlling questions of law underlying the decision--a state of affairs that hardly counsels in favor of interlocutory review.  In any event, based on the issues addressed in the parties' briefing, the court can "identify no legal question . . . that takes the parties' dispute outside garden variety legal argument."  In re Bank of New England Corp., 218 B.R. at 653.

## Conclusion

For the foregoing reasons, Ablitt's motion for leave to file an appeal from the bankruptcy court's interlocutory orders is

5

denied and its appeal is dismissed.  In accordance with Rule 8014 of the Federal Bankruptcy Rules, all costs of appeal shall be taxed against Ablitt.[5]  The case is remanded to the bankruptcy court for further proceedings.

   SO ORDERED.

                                         _____
                                         Joseph A. DiClerico, Jr.
                                         United States District Judge

May 31, 2006

cc:   William J. Amann, Esquire
      Raymond J. DiLucci, Esquire
      Geraldine L. Karonis, Esquire
      Lawrence P. Sumski, Esquire
      USBC-NH, Clerk
      The Hon. Paul J. Barbadoro

---

[5] As Ablitt notes in its brief, it has also appealed the bankruptcy court's orders denying its motion to dismiss, and for reconsideration of the denial, in a case based on nearly identical facts and the same theory, Michaud v. Ablitt & Caruolo, P.C., No. 05-1126-JMD (Bankr. D.N.H. Aug. 8, 2005).  Ablitt has also sought leave to appeal those interlocutory matters in that case, which has been docketed in this court as Civil Action No. 05-cv-391-PB and assigned to Judge Barbadoro.  A copy of this order will therefore be forwarded to Judge Barbadoro, who has not yet acted on the motion for leave to appeal.